UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMARILLYS MORA,

                              Plaintiff,                      Case # 18-CV-6703 FPG

v.                                                         DECISION AND ORDER

LVNV FUNDING LLC,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Amarillys Mora brings this action against Defendant LVNV Funding LLC, alleging that LVNV violated the Fair Debt Collection Practices Act ("FDCPA") when it unsuccessfully sued Mora to collect a credit card debt. ECF No. 12. Presently before the Court is LVNV's motion to dismiss Mora's amended complaint for failure to state a claim. ECF No. 14. For the reasons stated below, LVNV's motion to dismiss is GRANTED and this case is DISMISSED.

## BACKGROUND

On August 22, 2017, LVNV, a debt buyer and collector, sued Mora in state court to collect a credit card debt that Mora originally owed to Credit One Bank. ECF No. 12 ¶¶ 1-7. LVNV served Mora on September 28, 2017. In its collection complaint, LVNV alleged that it was the owner and assignee of Mora's debt via a chain of title between Credit One and LVNV, *id.* ¶¶ 4, 5, but at summary judgment, LVNV was unable to prove its standing through admissible evidence, and the state court granted Mora's motion for summary judgment and dismissed LVNV's collection complaint. *Id.* ¶ 13.

On September 27, 2018, Mora brought this case against LVNV. Mora claims that by suing her in the collection case, LVNV violated the following provisions of the FDCPA:

1

- § 1692b, which sets parameters for how debt collectors may communicate with persons other than the consumer for purposes of acquiring location information about the consumer;

- § 1692c, which sets parameters for how debt collectors may communicate with consumers and third parties;

- § 1692e, which prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt";

- § 1692e(2)(A), which prohibits the "false representation of the character, amount, or legal status of any debt";

- § 1692e(5), which prohibits "threat[s] to take any action that cannot legally be taken or that is not intended to be taken";

- § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer";

- § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt"; and

- § 1629f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The first five claims of Mora's amended complaint each assert multiple instances of misconduct that allegedly violated various FDCPA provisions. Accordingly, the Court analyzes Mora's claims not by her complaint's claim numbers, but by each discrete instance of alleged misconduct. Mora alleges that LVNV violated the FDCPA by:

- Misrepresenting in the collection complaint that it owned Mora's credit card debt, in violation of §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1629f(1), ECF No. 12 ¶¶ 24, 25, 33, 38, 39 (claims 1, 3, and 4);

- Alleging that a nonexistent entity was assigned Mora's debt within the chain of title set forth in the collection complaint, in violation of §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, 1692f(1), *id.* ¶¶ 25, 33, 38 (claims 1, 3, 4);

- Overstating the amount of debt due, in violation of § 1692e(2)(A), *id.* ¶ 26 (claim 1);

- Threatening to take a judgment that it could not legally take because it could not prove ownership of the debt, in violation of § 1692e(5), *id.* ¶ 29 (claim 2);

2

- Threatening to take judgment based on allegations that LVNV did not intend to prove, in violation of §§ 1692e(5) and 1692e(10), *id.* ¶¶ 30, 34 (claims 2 and 3); and

- Affixing the summons and complaint to Mora's front door without an envelope in plain view of third parties, in violation of §§ 1692b and 1692c, *id.* ¶¶ 42, 43 (claim 5).

Mora also asserts a sixth claim alleging that LVNV's conduct violated New York General Business Law § 349(a), which prohibits deceptive acts or practices in conducting business, trade, or commerce. *Id.* ¶¶ 45-55.

LVNV now moves to dismiss Mora's amended complaint for failure to state a claim.

## LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679.

## DISCUSSION

### 1. Statute of Limitations

As a threshold matter, LVNV argues that Mora's FDCPA claims are time-barred because she filed them over a year after LVNV filed its collections complaint against her. Mora counters

3

that her claims are not time-barred because she filed them within a year after LVNV served her with the collection complaint. The Court agrees with Mora.

LVNV cites a handful of cases holding that "[w]hen the alleged violation of the [FDCPA] is the filing of a lawsuit . . . the statute of limitations beg[ins] to run on the filing of the complaint." *Anthony v. Fein*, No. 515CV0452DNHTWD, 2016 WL 5415779, at *4 (N.D.N.Y. Sept. 28, 2016) (quoting *Bonner v. The Bank of New York Mellon*, 2016 WL 1426515, at *2 (E.D.N.Y. Feb. 22, 2016)). But none of the cases LVNV cites faced the question presented here: whether the statute of limitations runs from the *filing* of the complaint or the *service* of the complaint. Instead, those cases addressed whether post-complaint documents filed within the collection cases constituted continuing FDCPA violations and re-triggered the statute of limitations.

The majority of courts that have squarely addressed the relevant "filing versus service" issue have concluded that service—not filing—of a collection complaint triggers the FDCPA statute of limitations. *See Lautman v. 2800 Coyle St. Owners Corp.*, No. 13-CV-967 ARR VVP, 2014 WL 2200909, at *7 (E.D.N.Y. May 23, 2014) (collecting cases); *see also Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109, 113 (S.D.N.Y. 2016); *Sam v. Cohen & Slamowitz, LLP*, No. 14-CV-611-JTC, 2015 WL 114076, at *5 (W.D.N.Y. Jan. 8, 2015). The Second Circuit has also suggested that service is the appropriate trigger: in *Benzemann v. Citibank N.A.*, 806 F.3d 98, 102-03 (2d Cir. 2015), it approvingly cited *Serna v. Law Office of Joseph Onwuteka, P.C.*, 732 F.3d 440, 445-46 (5th Cir. 2013) and *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002), both of which concluded that an FDCPA violation occurs when the collection complaint is served, not filed. Accordingly, the Court finds that Mora's FDCPA claim is not time-barred. However, for the reasons set forth below, the Court finds that Mora fails to state an FDCPA claim and thus dismisses all of her FDCPA claims.

## 2. Misrepresenting Ownership of the Debt (Violation of §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1629f(1))

Mora first alleges that LVNV violated the FDCPA by misrepresenting in its collection complaint that it owned and was entitled to collect Mora's debt when it in fact "could not and did not prove with admissible evidence" that it owned the debt. ECF No. 12 ¶ 24, *see also id.* ¶¶ 5, 13.

LVNV responds that the mere filing of a collection complaint, even without adequate proof of ownership of a debt, does not constitute a material misrepresentation. The Court has previously accepted this argument. *See Rumfelt v. Midland Funding LLC*, No. 18-CV-6420 FPG, 2019 WL 1902784, at *2 (W.D.N.Y. Apr. 29, 2019) (collecting cases).[1] Rather, "to state an FDCPA claim against a debt collector for filing a collection case, a plaintiff must plausibly allege that the debt collector filed its collection case without 'a good faith belief in its validity.'" *Id.* at *3 (quoting *Lena v. Cach, LLC*, No. 14 C 01805, 2015 WL 4692443, at *4 (N.D. Ill. Aug. 6, 2015)).

Courts have found this requirement to be met and thus "have permitted FDCPA claims to proceed where the plaintiff alleged that the debt collector *knew* it could not prove the debt, or where the plaintiff pointed to specific falsities in the debt collector's supporting documentation." *Rumfelt*, 2019 WL 1902784, at *5 (collecting cases). On the other hand, "courts have dismissed FDCPA claims which lack an allegation that the debt collector knew or should have known that it could never prove its case, or where, though present, such an allegation is not supported by facts." *Id.* at *3 (collecting cases). Courts have also dismissed FDCPA claims which lacked allegations that the "debt collectors did not actually own the debt or made statements that the debt collector knew or should have known were false." *Id.* at *4 (collecting cases).

---

[1] The plaintiff in *Rumfelt* was represented by the same law firm as Mora and made many of the same allegations and arguments. *See also Hackett v. Midland Funding LLC*, No. 18-CV-6421 FPG, 2019 WL 1902750, at *2 (W.D.N.Y. Apr. 29, 2019) (another case involving the same law firm, allegations, and arguments).

Here, Mora does not allege that LVNV filed its collection complaint against her in bad faith or that it knew or should have known that it could never prove its case. Accordingly, the Court finds that Mora fails to state a claim.

3. **Identifying a Nonexistent Entity in the Chain of Title (Violation of §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, 1692f(1))**

Mora next claims that LVNV violated the FDCPA by alleging that Mora's debt was assigned to a nonexistent entity within the chain of title set forth in the collection complaint: "FNBM, LLC/MHC Receivables, LLC."

LVNV moves to dismiss this claim on the basis that Mora lacks standing to challenge the assignments in the chain of title because Mora was not a party to them. The Court is not persuaded, because while Mora might not be able to challenge her liability to repay the debt based on the assignment's invalidity, she "can challenge whether the purported assignee misrepresented the legal status of the debt or threatened legal action against [her] that it could not take." *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 247 (W.D.N.Y. 2019). Nevertheless, the Court is not persuaded that Mora states a claim.

As a matter of law, Mora cites no authority recognizing an FDCPA claim based on an inaccurate chain of title, and to the extent that this allegation goes to LVNV's failure to prove its standing, as discussed above, that alone is insufficient to support an FDCPA claim.

As a matter of fact, Mora's allegation that the debt was assigned to a nonexistent entity is conclusory, confusing, and potentially disingenuous. FNBM, LLC and MHC Receivables, LLC appear to be two separate entities. *See Marcario v. Midland Credit Mgmt., Inc.*, No. 217CV414ADSARL, 2017 WL 4792238, at *3 (E.D.N.Y. Oct. 23, 2017) (describing chain of title involving both MHC and FNBM); *Thomas v. Midland Credit Mgmt., Inc.,* No. 217CV00523ADSARL, 2017 WL 5714722, at *8 (E.D.N.Y. Nov. 27, 2017) (identifying MHC

6

and FNBM as separate "affiliates" of Credit One Bank, the alleged original creditor here). The fact that LVNV identified "FNBM, LLC/MHC Receivables, LLC" in the alleged chain of title in the collection complaint is confusing, but it does not necessarily mean that LVNV alleged that "FNBM, LLC/MHC Receivables, LLC" was a single entity. In the absence of additional facts supporting or clarifying this allegation, the Court finds that Mora fails to state a claim.

4. **Overstating the Amount Due (Violation of § 1692e(2)(A))**

Mora next alleges that LVNV violated § 1692e(2)(A) of the FDCPA by overstating the amount of the debt it was entitled to collect from Mora. Specifically, Mora alleges that LVNV failed to reduce the amount due "to take into account any benefits realized by the original creditor as a result of bad debt deductions for charging off the credit card account allegedly assigned to LVNV Funding." ECF No. 12 ¶ 26.

The plaintiff in *Rumfelt* made the same claim and this Court rejected it. 2019 WL 1902784, at *5. The Court rejects Mora's claim for the same reason: there is no authority holding that an assignee of a charged-off debt must reduce the amount it seeks to collect to account for some tax benefit supposedly received by the original creditor. *Id.*

5. **Threatening to Take Action that Could Not Legally Be Taken or Was Not Intended to be Taken (Violation of §§ 1692e(5) and 1692e(1))**

Mora next alleges that by filing its collection complaint, LVNV threatened to take a judgment against her even though it could not prove ownership of the debt and never intended to prove its case. She contends that this violates §§ 1692e(5) and 1692e(10) of the FDCPA, which respectively prohibit "threat[s] to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." ECF No. 12 ¶¶ 29, 30, 59.

LVNV does not specifically challenge these claims in its motion to dismiss. However, "[d]istrict courts may dismiss claims for failure to state a claim upon motion or *sua sponte* when the plaintiff has had notice and an opportunity to oppose dismissal." *Sorenson v. MBI, Inc.*, No. 3:16-CV-02029 (KAD), 2019 WL 3231762, at *8 (D. Conn. July 18, 2019) (citing Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.")); *see also Delfonce v. Eltman Law, P.C.*, No. 16CIV6627AMDLB, 2017 WL 639249, at *2 (E.D.N.Y. Feb. 16, 2017), *aff'd*, 712 F. App'x 17 (2d Cir. 2017).

Here, Mora pointed out in her opposition to LVNV's motion to dismiss that LVNV had not challenged these claims, but Mora defended them anyway. She has thus had the opportunity to oppose their dismissal. Nevertheless, the Court already rejected the same type of claims in *Rumfelt* based on its finding that the filing of a collection complaint does not constitute a "threat." 2019 WL 1902784, at *7. The Court rejects Mora's claim for the same reason.

**6. Affixing the Summons and Complaint to Mora's Front Door Without an Envelope in Plain View of Third Parties (Violation of §§ 1692b and 1692c)**

Finally, Mora alleges that LVNV violated §§ 1692b and 1692c of the FDCPA by affixing the summons and complaint to her front door without an envelope or other wrapping to conceal the contents of the documents.

Section 1692b sets parameters for how debt collectors may communicate with persons other than the consumer for purposes of acquiring location information about the consumer. It contains five subparts, and although Mora does not identify which subpart she claims LVNV violated, the only one that seems arguably applicable is § 1692b(5), which prohibits debt collectors from using "any language or symbol on any envelope or in the contents of any communication

effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt."

Section 1692c governs communication with the consumer generally, communication with third parties, and ceasing communication. It also has subparts and Mora again fails to identify which subpart she alleges LVNV violated. The Court assumes she alleges a violation of § 1692c(b), which prohibits debt collectors from communicating with third parties.

The Court finds that Mora fails to state a claim under either of these sections. First, § 1692b applies to communications with persons *other than* the consumer *for purposes of acquiring location information* about the consumer. Here, the summons and complaint were delivered to Mora, the consumer, and their purpose was not to acquire location information about her. *See Friedman v. Sharinn & Lipshie, P.C.*, No. 12 CV 3452 FB CLP, 2013 WL 1873302, at *4 (E.D.N.Y. Mar. 28, 2013), *Report and Recommendation adopted*, 2013 WL 1869924 (May 3, 2013) ("Since plaintiff has made no allegations that the purpose of defendant's calls was to ascertain plaintiff's whereabouts, the Court fails to understand why plaintiff believes Section 1692b was violated.").

Second, § 1692b(5) applies to communications "effected by the mails or telegram." Here, the summons and complaint were personally delivered by a process server to Mora's front door.

Third, to the extent that Mora suggests that the summons and complaint "communicated" to any third parties because they were potentially exposed to third parties, these allegations are entirely speculative. Mora does not allege that anyone actually saw the summons and complaint while they were on her front door. *See Twombly*, 550 U.S. at 555 (conclusory and speculative allegations insufficient to withstand 12(b)(6) motions). Mora's claims under §§ 1692b and 1692c both fail for this reason.

### 7. Violation of New York General Business Law § 349(a)

In addition to her FDCPA claims, Mora alleges that LVNV's attempt to collect a debt of which it could not prove ownership, "together with other deceptive acts and practices," violated New York General Business Law § 349(a). ECF No. 12 ¶¶ 45-55.

Because the Court has dismissed the FDCPA claims over which it had original jurisdiction, the balance of several factors, including judicial economy, convenience, fairness, and comity weigh against this Court's continued exercise of jurisdiction over Mora's state law claim. *See Carnegie-Mellon Univ. v. Cohil*, 484 U.S. 343, 350 (1988) ("[Where] the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Therefore, the Court declines to exercise jurisdiction over Mora's New York GBL claim and her sixth claim is DISMISSED.

## CONCLUSION

For the reasons stated, LVNV's motion to dismiss (ECF No. 14) is GRANTED and Mora's amended complaint is DISMISSED. The Clerk of Court is directed to enter judgment in favor of LVNV and close this case.

IT IS SO ORDERED.

Dated: October 8, 2019
      Rochester, New York

                                    HON. FRANK P. GERACİ, JR.
                                    Chief Judge
                                    United States District Court